UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-cv-62822-WJZ

MARNIO TOUSSAINT,
    Plaintiff,

v.

WAL-MART STORES EAST, LP
D/B/A WAL-MART SUPERCENTER #1511,
    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, MARNIO TOUSSAINT, by and through undersigned counsel, hereby sues, Defendant, WAL-MART STORES EAST, LP D/B/A WAL-MART SUPERCENTER #1511, for his action alleges:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

2. MARNIO TOUSSAINT (hereinafter "Plaintiff"), is an individual who resides in Broward county, Florida and is sui juris.

3. That at all times material hereto, WAL-MART STORES EAST, LP (hereinafter "Walmart"), was and still is a Foreign Profit Corporation and doing business in Broward County, Florida

**LAW OFFICE OF GAYLE SARJU, P.A.**
7481 W. OAKLAND PARK BLVD. SUITE 203F, LAUDERHILL, FL 33319.
TEL: 954-588-6504; FAX: 954-206-0630

4. That at all times material hereto, Walmart owned and/or operated Wal-Mart Supercenter #1511, located at 1800 South University Drive, Miramar, Broward County, Florida 33025, on the date of the incident.

5. Venue is proper in Broward County, Florida because the incident which is the subject matter of this litigation occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

6. On September 20, 2016, after 3:00 p.m., Plaintiff was a business invitee at Wal-Mart Store Supercenter #1511, located at 1800 South University Drive, Miramar, Florida 33025, owned and/or operated by Walmart and was lawfully on the premises for the purpose of shopping.

7. Plaintiff entered the store and proceeded to purchase some items for his mother, while she waited in Plaintiff's car in the parking lot.

8. Unbeknownst to Plaintiff, while he was shopping, his mother was approached by a City of Miramar police officer who requested her identification and asked to search the trunk of Plaintiff's car.

9. Upon searching the trunk, the officer found no items belonging to Walmart that would give him probable cause to stop and/or search Plaintiff.

10. After paying for his purchase, Plaintiff proceeded to leave the store.

11. However, prior to exiting the store, Plaintiff was stopped by a City of Miramar police officer, who called him by his name, then grabbed him and placed handcuffs on him.

12. When Plaintiff questioned why he was handcuffed, the officer accused him of stealing a television ("TV") from Walmart earlier that day.

13. Although Plaintiff denied stealing the TV, and no TV was found in Plaintiff's car, the officer insisted that he stole it, and asked whether he had sold it yet.

14. Approximately three other police officers joined the arresting officer.

15. Still in handcuffs, Plaintiff was marched out of the store through the North exit, accompanied by approximately four police officers.

16. He was then paraded across the front of the building facing the parking lot, and taken to the security office located at the other end of the building near the South entrance.

17. The police officers seated Plaintiff in a room before removing the handcuffs.

18. Plaintiff then asked to see his mother, however, Walmart denied his request.

19. Walmart's incident report shows that Plaintiff was under surveillance since "re-entering" the store.

20. Nonetheless, Walmart waited until Plaintiff was in the security room before pulling up the footage depicting the earlier suspect stealing the TV to then compare Plaintiff to the footage.

21. After detaining Plaintiff for over 30 minutes, Walmart apologized and released Plaintiff.

## COUNT I – FALSE IMPRISONMENT

22. Plaintiff re-states and incorporates by reference, paragraphs 1 through 5 as if fully stated herein, and further alleges:

23. Through actions described herein on September 20, 2016, Walmart intentionally confined Plaintiff without lawful jurisdiction.

24. Plaintiff did not consent to such confinement.

25. As a proximate result of the acts alleged herein Plaintiff is entitled to damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff re-states and incorporates by reference, paragraphs 1 through 5 as if fully stated herein, and further alleges:

27. Defendant's conduct in requesting the arrest and detention of Plaintiff and insisting that Plaintiff had stolen the TV was malicious and done for the purpose of causing Plaintiff to suffer humiliation, embarrassment, mental anguish, and emotional and physical distress.

28. As a proximate result of the acts alleged above, Plaintiff suffered acute fear, humiliation, mental anguish, and emotional and physical distress, including, but not limited to, being extremely nervous and afraid to enter any store.

**29.** The acts of Defendant, Walmart, alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, MARNIO TOUSSAINT, respectfully requests this Honorable Court takes jurisdiction of this case, enter judgment for damages against Defendant, WAL-MART STORES EAST, LP, D/B/A WAL-MART

SUPERCENTER #1511, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with costs of bringing this action.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, MARNIO TOUSSAINT, demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        s/*Gayle E. Sarju*
                                        Gayle E. Sarju, Esq.
                                        Florida Bar No.: 108572
                                        **gaylesarju@gmail.com**
                                        LAW OFFICE OF GAYLE SARJU, P.A.
                                        7481 W. Oakland Park Blvd., Suite 203F
                                        Lauderhill, Florida 33319
                                        Telephone: (954) 588-6504
                                        Facsimile: (954) 206-0630