UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62822-CIV-ZLOCH

MARNIO TOUSSAINT,

      Plaintiff,

vs.                                        **FINAL ORDER OF DISMISSAL**

WAL-MART STORES EAST, LP,

      Defendant.

_____/

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    Although Plaintiff does not offer any basis for this Court's jurisdiction over the above-styled cause, the Court's jurisdiction in this matter is ostensibly premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  That Section of the United States Code provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States."  28 U.S.C. § 1332(a)(1). The dictates of § 1332 moor federal courts to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. In Healy v. Ratta, 292 U.S. 263, 270 (1934), Justice Stone noted that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the

precise limits which the statute has defined."  Id.

These limits stem from the fact that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists.  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799)).  Therefore, the facts establishing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984).

A review of the Amended Complaint (DE 7) reveals that the requisite diversity of citizenship between Plaintiff and Defendants is not apparent on its face.  The Complaint states, in pertinent part:

> 2. Marnio Toussaint (hereinafter "Plaintiff"), is an individual who resides in Broward County, Florida and is sui juris.
>
> 3. That at all times material hereto, Wal-Mart Stores East, LP (hereinafter "Walmart"), was and still is a Foreign Profit Corporation and doing business in Broward County, Florida.
>
> 4. That at all times material hereto, Walmart owned and/or operated Wal-Mart Supercenter #1511, located at 1800 South University Drive, Miramar, Broward County, Florida 33025, on the date of the indident.

DE 7, ¶¶ 2-4.

The Court notes that residency is not the equivalent of

citizenship for diversity purposes.  See Appleton, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also 13B Wright & Miller, supra § 3611.  The citizenship of Plaintiff is not found elsewhere in the record.

Moreover, Plaintiff has altogether failed to allege facts that would establish Defendant's citizenship.  Although Plaintiff has couched its jurisdictional allegations as though Defendant were a corporation, it is clear that "Wal-Mart Stores East, LP" is a limited partnership.  It is well-established that the citizenship of all members of an unincorporated association must be pled in order to establish this Court's diversity jurisdiction. See Carden v. Arkoma Associates, 494 U.S. 185 (1990).  For limited partnerships, that means that the complaint must allege the citizenship of each of the limited partnership's partners. Id. at 192-96. Neither the Amended Complaint (DE 7) nor the record before the Court identify the partners that comprise Defendant's membership or their citizenship.  Therefore, because Plaintiff has failed to properly allege the citizenship of all Parties, he has not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

This case is easily distinguishable from the case of a Defendant who removes an action from state court on the basis of diversity jurisdiction, and the notice of removal fails to set forth the Court's jurisdiction properly.  In those instances, the Eleventh Circuit has held that such pleading requirements are

procedural and not jurisdictionally significant and that the removing party must have an opportunity to cure the defect. Corp. Management Advisors, Inc. v. Artjen Complexus, 561 F.3d 1294, 1296-97 (11th Cir. 2009).  The interplay of the removal rules in 28 U.S.C. §§ 1441, 1447 and their nuanced distinctions on the limits of and procedures for removal permit such a conclusion.

The same cannot be said of § 1332.  It is as straightforward as can be and is grounded in Article III of the Constitution.  No Court has read into the Constitution or § 1332 a procedural mechanism for establishing diversity jurisdiction. Appleton, 30 F.3d at 1367 (noting with approval, the district court's refusal to exercise jurisdiction over a case where diversity was not properly pled).  Such a mechanism would, to say the least, be a judicially crafted rule, one that could not be reconciled with the long and established tradition of federal courts being courts of limited jurisdiction. See id.

In dismissing the above-styled cause due to Plaintiffs' failure to satisfy the requirements of federal jurisdiction, the Court echoes the sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are

required to police their jurisdiction - imposes a duty of
care that we are not at liberty to shirk.  And since we
are not investigative bodies, we need and must assure
compliance with procedures designed to compel parties to
federal litigation to assist us in keeping within bounds.
Hence [it is] . . . the responsibility of lawyers who
practice  in  the  federal  courts,  even  if  only
occasionally,  to  familiarize  themselves  with  the
principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir.

2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The above-styled cause be and the same is hereby **DISMISSED**
without  prejudice  in  that  the  Court  lacks  subject  matter
jurisdiction over the same; and

2.  To the extent not otherwise disposed of herein, all
pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward
County, Florida, this   5th   day of January, 2017.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record